NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50412 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00168-SJO |
| v. | |
| JOSHUA DAVID FINK, a.k.a. David Joshua Fink, a.k.a. Wolverine, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Joshua David Fink appeals from the district court's judgment and challenges

the concurrent 63-month sentences imposed following his guilty-plea convictions

for being a felon in possession of firearms and ammunition, in violation of 18

U.S.C. § 922(g)(1), and possession of an unregistered firearm, in violation of 26

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 5861(d). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Fink contends that the district court procedurally erred by failing to provide an adequate explanation for its rejection of Fink's argument that his criminal history category overrepresented the seriousness of his criminal history. Because Fink raises this contention for the first time on appeal, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The district court expressly discussed Fink's argument regarding his criminal history category and ultimately determined that a downward variance was not warranted because the circumstances of Fink's crimes of conviction demonstrated that he posed a danger to the public. The record as a whole reflects the basis for the district court's determination, and the district court did not plainly err in its explanation. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("[A]dequate explanation in some cases may also be inferred from the PSR or the record as a whole.").

**AFFIRMED.**